BASCHAB, Judge.
On February 3, 2000, the appellant, Christopher A. King, pled guilty to first-degree robbery, and the trial court sentenced him to serve a term of twenty years in prison. He did not appeal his conviction. On February 19, 2002, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied his petition. This appeal followed.
The appellant argues that he did not appeal his conviction through no fault of his own and that he did not knowingly and voluntarily enter his guilty plea because the trial court did not correctly advise him of the minimum sentence he could receive pursuant to § 13A-5-6(a)(4), Ala.Code 1975.[1] The State did not specifically refute those claims. Additionally, in its order denying the petition, the circuit court did not specifically address those claims. Because the appellant’s claims that he did not appeal through no fault of his own and that he did not knowingly and voluntarily enter his guilty plea could be meritorious, the circuit court erred in not addressing them. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning those claims. On remand, the circuit court may require the State to respond specifically to the appellant’s contentions and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

On Return to Remand

BASCHAB, Judge.
AFFIRMED BY MEMORANDUM.
McMILLAN, P.J., concurs; SHAW, J., concurs in the result; WISE, J., dissents, with opinion, joined by COBB, J.

. He also raises other arguments in his brief to this court. However, we pretermit discussion of those arguments at this time.